

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

THE WATER WORKS AND
SEWER BOARD OF THE TOWN
OF CENTRE,

     Plaintiff,

v.

3M COMPANY; ALADDIN
MANUFACTURING CORPORATION;
APRICOT INTERNATIONAL, INC.;
ARROWSTAR, LLC; BEAULIEU
GROUP, LLC; BEAULIEU OF
AMERICA, INC.; DALTONIAN
FLOORING, INC.; DEPENDABLE RUG
MILLS, INC.; DORSETT INDUSTRIES,
INC.; DYSTAR, L.P.; ECMH, LLC d/b/a
CLAYTON MILLER HOSPITALITY
CARPETS; E.I. DU PONT DE NEMOURS
AND COMPANY; EMERALD CARPETS,
INC.; ENGINEERED FLOORS, LLC;
FORTUNE CONTRACT, INC.; HARCROS
CHEMICALS INC.; KRAUS USA,
INC. (f/k/a BARRETT CARPET MILLS, INC.);
INDIAN SUMMER CARPET MILLS, INC.;
INDUSTRIAL CHEMICALS, INC.; J&J
INDUSTRIES, INC.; LEXMARK CARPET
MILLS, INC.; LYLE INDUSTRIES,
INC.; MFG CHEMICAL, INC.; MILLIKEN &
COMPANY; MOHAWK CARPET, LLC;
MOHAWK GROUP, INC.; MOHAWK
INDUSTRIES, INC.; NPC SOUTH,
INC.; ORIENTAL WEAVERS USA,
INC.; S & S MILLS, INC.;
SAVANNAH MILLS GROUP, LLC;
SHAW INDUSTRIES, INC.;

CIVIL ACTION NO. _____

*Removed from the Circuit Court
of Cherokee County, Alabama*

Civil Action No.:
13-CV-2017-900049.00

6688162.1

TANDUS CENTIVA, INC.; TANDUS
CENTIVA US, LLC; THE DIXIE
GROUP, INC.; TEXTILE RUBBER AND
CHEMICAL COMPANY, INC.; and VICTOR
CARPET MILLS, INC.;

       Defendants.

_____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Shaw Industries, Inc. ("Shaw"), through undersigned counsel, hereby files this removal of the state court action entitled *The Water Works and Sewer Board of the Town of Centre v. 3M Company, et al.*, in the Circuit Court of Cherokee County, Alabama, Civil Action File No: 13-CV-2017-900049.00, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.   The following Defendants (3M Company, Aladdin Manufacturing Corporation, Apricot International, Inc., Arrowstar, LLC, Beaulieu Group, LLC, Beaulieu of America, Inc., Daltonian Flooring, Inc., Dependable Rug Mills, Inc., Dorsett Industries, Inc., DyStar, L.P., ECMH, LLC d/b/a Clayton Miller Hospitality Carpets, E.I. Du Pont De Nemours and Company, Emerald Carpets, Inc., Engineered Floors, LLC, Fortune Contract, Inc., Harcros Chemicals Inc., Indian Summer Carpet Mills, Inc., Industrial Chemicals, Inc., J&J Industries, Inc., Kraus USA, Inc. (f/k/a Carpet Mills, Inc.), Lexmark Carpet Mills, Inc., Lyle Industries, Inc., MFG Chemical, Inc., Milliken & Company, Mohawk Carpet, LLC, Mohawk Industries, Inc., NPC

South, Inc., Oriental Weavers USA, Inc., S&S Mills, Inc., Savannah Mills Group, LLC, Tandus Centiva, Inc., Tandus Centiva US, LLC, Textile Rubber and Chemical Company, Inc., The Dixie Group, Inc., and Victor Carpet Mills, Inc.) consent to the removal of this action (see consents to removal attached hereto at Exhibit A).  Mohawk Group, Inc. has been dismissed from this action.

## I.  State Court Proceedings.

1.     Plaintiff, The Water Works and Sewer Board of the Town of Centre, commenced this action in the Circuit Court of Cherokee County, Alabama by filing a Complaint ("Complaint").  A true copy of each pleading filed in the Circuit Court of Cherokee County, Alabama as of the date of this notice, is attached to this Notice of Removal as Exhibit B.

2.     The Complaint was filed on or about May 15, 2017, and the Plaintiff proceeded to serve the Complaint upon certain Defendants after that date.  Shaw was served on May 19, 2017.  Shaw is filing this notice of removal less than 30 days from service.  See 28 U.S.C. 1446(b).

3.     This Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446.

4.     No further proceedings have taken place in this action.

## II.  Removal of this Action is Proper.

5.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

6.     Under 28 U.S.C. § 1332, this Court has jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.   These civil actions "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a) and (b).

7.     The Complaint asserts claims against certain Defendants who are owners and operators of carpet manufacturing facilities in and around Dalton, Georgia (the "Manufacturing Defendants").   See Complaint at ¶¶ 48 and 49. Specifically, the Plaintiff alleges that "[t]he City of Dalton, Georgia, contains over 150 carpet manufacturing plants and more than 90% of the world's carpet is produced within a 65-mile radius of the city."   Id. at ¶ 48.   The Complaint alleges that these Manufacturing Defendants have used perfluorinated compounds ("PFCs"),  perfluorooctanoic acid ("PFOA"),  perfluorooctane sulfonate ("PFOS"), and other related chemicals in their stain-resistant carpeting manufacturing process

6688162.1

and have discharged PFCs, PFOA, and PFOS into the water system.  Id. at ¶¶ 48-49.

8.    The Plaintiff's Complaint also asserts claims against certain Defendants who are allegedly suppliers of chemicals containing PFCs, PFOA and PFOS to the Manufacturing Defendants (the "Supplier Defendants").  Id. at ¶¶ 49, 66.

9.    In Count I of its Complaint, Plaintiff alleges that the Defendants were negligent because they breached a duty they owed to Plaintiff to use reasonable care by discharging PFOA, PFOS, and related chemicals into the water supply.  Id. at ¶¶ 65-68.

10.    In Count II of its Complaint, Plaintiff alleges that the Defendants have created a public nuisance by discharging of PFCs, PFOA, PFOS, and related chemicals into the Plaintiff's water supply.  Id. at ¶¶ 69-74.

11.    In Count III of its Complaint, Plaintiff alleges that the Defendants have created a private nuisance by discharging of PFCs, PFOA, PFOS, and related chemicals into the Plaintiff's water supply. Id. at ¶¶ 75-79.

12.    In Count IV of its Complaint, Plaintiff alleges that the Defendants have trespassed by discharging PFOA, PFOS, and related chemicals into the Plaintiff's water supply. Id. at ¶¶ 80-86.

13.     In Count V of its Complaint, Plaintiff alleges that the Defendants have acted in a wanton, willful and reckless manner in discharging PFOA, PFOS, and related chemicals into the Plaintiff's water supply.  Id. at ¶¶ 87-92.

14.     In Count VI of its Complaint, Plaintiff seeks an injunction to prevent Defendants from discharging PFCs, PFOA, PFOS, and related chemicals into the Plaintiff's water supply, and requiring the Defendants to remove those chemicals from the water supply.  Id. at ¶¶ 93-95.

**A.     The Amount in Controversy Requirement Is Met in this Action.**

15.     The amount in controversy in this action "exceeds the sum or value of $75,000, exclusive of interest and costs," and thus, the amount in controversy requirement for diversity jurisdiction is met in this action.  See 28 U.S.C. § 1332.

16.     In its Complaint, the Plaintiff claims the following damages:

- First, Plaintiff claims that it "has suffered substantial economic and consequential damage, including, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing the [Defendants'] . . . chemicals from the water; expenses incurred to monitor PFC contamination levels; expenses incurred to purchase water from Cherokee County Water Authority; and lost profits and sales."  See Complaint at ¶ 5.  The Plaintiff alleges damages "in an amount to be determined by a jury

sufficient to compensate it for real property damage, out of pocket expenses, lost profits and sales, and future expenses." Id. at Prayer for Relief.  For each item of monetary damages, the Plaintiff alleges that the Defendants are "jointly and severally" liable.  Id. at Prayer for Relief included after ¶¶ 68, 74, 79, 86, 92, and 95.  Plaintiff claims that these damages "exceed $10,000."  Id. at ¶ 7 ("Jurisdiction is proper in this Court pursuant to ALA. CODE § 12-11-30(1) (1975), as Plaintiff's claims exceed $10,000.").

- Second, Plaintiff demands judgment for attorneys' fees, and also punitive damages against all Defendants.  See id. at Prayer for Relief, and Count V of the Complaint.

- Third, in addition to the monetary damages it seeks, Plaintiff also seeks injunctive relief against the Defendants.  See Count VI of the Complaint.  Plaintiff seeks "equitable and injunctive relief compelling the [Defendants] . . . to remediate their contamination and prevent additional releases of PFCs and other toxic chemicals, including, but not limited to PFOS and PFOA, into Centre Water's raw water source."  Id. at ¶ 6.  Plaintiff asks the court to order an injunction requiring Defendants "to take all steps necessary to

remove their chemicals from Plaintiff's water supplies and property."  Id. at ¶ 94.

17.    From the scope of Plaintiff's claims, the number of Defendants sued, and the breadth of the damages asserted by the Plaintiff, it is apparent from the allegations in the Complaint that at the time of this removal, the Plaintiff's claims against the Defendants are likely to exceed $75,000.  Id. at ¶¶ 5 and 6.  Even if not intuitive from the Complaint itself that Plaintiff's claims against the Defendants are likely to exceed $75,000, the evidence, combined with reasonable inferences and deductions drawn from the face of the Complaint, shows the amount of alleged damages is far in excess of $75,000.  See Roe v. Michelin North America, Inc., 613 F.3d 1058, 1064 (11th Cir. 2010) (when evaluating whether the amount in controversy has been met, courts are "permitted to make reasonable deductions and reasonable inferences, and need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.") (citations omitted).    Shaw denies that there are any health risks associated with its manufacturing process and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk.  Even if any health risks existed, however, experts would ultimately be necessary to determine what remedy was appropriate.  For purposes of the removal analysis, the water filtration system alone - for which the Plaintiff seeks payment -  would cost in excess of $75,000

and that demand is sufficient to satisfy the amount in controversy requirement.  Id.
at ¶ 5; Declaration of Stephanie Roberts, attached hereto at Exhibit C.

18.    Of course, here, in addition to the alleged damages related to the
purchase of a new water filtration system, the Plaintiff also claims damages related
to unquantified lost profits, lost sales and ongoing maintenance, all of which would
likely exceed the jurisdictional minimum.   See Complaint at Prayer for Relief.
Further, the Plaintiff seeks punitive damages as to each Defendant, along with
attorneys' fees.  Id.  see also Holley Equip. Co. v. Credit All. Corp., 821 F.2d 1531,
1535 (11th Cir. 1987) ("When determining the jurisdictional amount in
controversy in diversity cases, punitive damages must be considered, unless it is
apparent to a legal certainty that such cannot be recovered") (internal citations
omitted).

19.    With respect to the additional injunctive relief that the Plaintiff seeks
requiring the Defendant to remove chemicals from Plaintiff's water system and to
prevent these chemicals from contaminating the water supply, the monetary cost of
each of the Defendants purchasing and using a filtration system acceptable to the
Plaintiff surely would be in excess of $75,000.  See Leonard v. Enterprise Rent A
Car, 279 F.3d 967, 973 (11th Cir. 2002). ("The value of injunctive or declaratory
relief for amount in controversy purposes is the monetary value of the object of the
litigation that would flow to the plaintiffs if the injunction were granted."); Pretka

v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (Defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Instead, defendant only has to present "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," that the value of the injunctive relief exceeds $75,000.).

20.     Accordingly, the Plaintiff's claims against the Defendants, if Plaintiff is able to recover jointly against them as it seeks to do, seek in excess of $75,000 in the aggregate.   Moreover, even if the amounts in controversy against the Defendants, as alleged, are not aggregated, and instead the Defendants are severally liable, the amount in controversy here is still in excess of $75,000 for each individual Defendant.   See e.g., Middle Tennessee News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.").

21.     Thus, the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.   It is clear from the face of Complaint itself, the facts asserted, and the declaration provided, that the true amount in controversy is well in excess of $75,000.

**B.      Complete Diversity Of Citizenship Exists as to all Properly Named Defendants.**

22.      There is complete diversity in this matter.  Plaintiff admits that it is a domestic municipal corporation formed pursuant to Ala. Code § 11-50-230, with its principal place of business in Cherokee County, Alabama.  See Complaint at ¶ 9.  Accordingly, Alabama is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

23.      Defendant Shaw Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

24.      Defendant 3M Company is incorporated in the State of Minnesota and has its principal place of business in St. Paul, Minnesota, so that for diversity purposes it is a citizen of the State of Minnesota. 28 U.S.C. § 1332(c)(1).

25.      Defendant Aladdin Manufacturing Corporation is incorporated in the State of Delaware and has its principal place of business in Calhoun, Georgia, so that for diversity purposes it is a citizen of the States of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

26.      Defendant Apricot International, Inc. is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

6688162.1

27.    Defendant Arrowstar, LLC is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its members (Charles and Bonita Cofield) are citizens of, and reside in, the State of Georgia, so that for diversity purposes Arrowstar, LLC is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

28.    Defendant Beaulieu Group, LLC is a limited liability company organized and existing under the laws of the State of Georgia and has its principal place of business in Dalton, Georgia.  Its members are Carl M. Bouckaert; Mieke D. Hanssens; Beaulieu of America, Inc.; and the CAMI Trust.  Carl M. Bouckaert is a citizen of Belgium.  Mieke D. Hanssens is a citizen of Georgia.  Beaulieu of America, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Georgia.  The CAMI Trust is a Georgia trust with the following trustees and beneficiaries: Nicolas Bouckaert, Stanley Bouckaert, Nathalie Pollard, and Stephanie Bouckaert.  Nicolas Bouckaert, Stanley Bouckaert, and Nathalie Pollard are citizens of Georgia.  Stephanie Bouckaert is a citizen of Chile.  For diversity purposes, Beaulieu Group, LLC is a citizen of Georgia, Belgium, and Chile.  28 U.S.C. § 1332 (c)(1); Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016).

29.     Defendant Beaulieu of America, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

30.     Defendant Daltonian Flooring, Inc. is incorporated in the State of Georgia and has its principal place of business in Calhoun, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

31.     Defendant Dependable Rug Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

32.     Defendant Dorsett Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

33.     Defendant Dystar L.P. is a Delaware limited partnership and has its principal place of business in Charlotte, North Carolina.  Dystar L.P.'s general partner is DyStar Acquisition Corporation, a Delaware Corporation, and DyStar L.P.'s limited partner is DyStar Americas Holding Corp., a Delaware Corporation. For diversity purposes, Dystar L.P. is a citizen of Delaware and North Carolina.  28 U.S.C. § 1332(c)(1).

34.     Defendant ECMH, LLC d/b/a/ Clayton Miller Hospitality Carpets is a limited liability corporation incorporated in the State of Georgia and has its

principal place of business in Dalton, Georgia.  Its sole member (Tommy Boggs), is a citizen of, and resident of, the State of Georgia, so that for diversity purposes, ECMH, LLC is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

35.    Defendant E.I. Du Pont De Nemours and Company is incorporated in the State of Delaware and has its principal place of business in Wilmington, Delaware, so that for diversity purposes it is a citizen of the State of Delaware. 28 U.S.C. § 1332(c)(1).

36.    Defendant Emerald Carpets, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(1).

37.    Engineered Floors, LLC, is a limited liability company, formed under the laws of the State of Georgia.  Engineered Floors' principal place of business is in Dalton, Georgia.  Engineered Floors' members are comprised of several trusts, several limited liability limited partnerships, two corporations, and one individual.  The members which are trusts were formed under the laws of the State of Georgia.  The trustees of each of these respective trusts are individuals who are residents of the State of Georgia.  The beneficiaries of each of these trusts are individuals who are residents of either the State of Georgia or the State of Tennessee.  As for those Engineered Floors' members which are limited liability limited partnerships, in each instance, the general partner of these limited liability

limited partnerships is an individual who is a resident of the State of Georgia.  In each instance, the limited partners of these limited liability limited partnerships are individuals who are residents of either the State of Georgia or the State of Tennessee.  As for those Engineered Floors' members which are corporations, each such corporation was formed under the laws of the State of Georgia and their principal places of business are in Georgia.  Neither corporation conducts any business outside the State of Georgia.  As for the Engineered Floors' member who is an individual, that person is a resident of Georgia.  None of the members of Engineered Floors are a resident of Alabama.  Other than those members listed in this paragraph, there are no other members of Engineered Floors.

38.    Defendant Fortune Contract, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

39.    Defendant Harcros Chemicals Inc. is incorporated in the State of Kansas and has its principal place of business in Kansas City, Kansas, so that for diversity purposes it is a citizen of the State of Kansas.  28 U.S.C. § 1332(c)(1). This Defendant was incorrectly named as "Harcros Chemical, Inc." in the Complaint.

40.    Defendant Indian Summer Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that

for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

41.     Defendant J&J Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

42.     Defendant Kraus USA, Inc. (f/k/a Barrett Carpet Mills, Inc.) is incorporated in the State of Delaware and has its principal place of business in Waterloo, Ontario, Canada, so that for diversity purposes it is a citizen of the State of Delaware and Waterloo, Ontario, Canada.  28 U.S.C. § 1332(c)(1).

43.     Defendant Lexmark Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

44.     Defendant Lyle Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

45.     Defendant MFG Chemical, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

46.     Defendant Milliken & Company is incorporated in the State of Delaware and has its principal place of business in Spartanburg, South Carolina, so

that for diversity purposes it is a citizen of the States of Delaware and South Carolina. 28 U.S.C. § 1332(c)(1).

47.    Defendant Mohawk Carpet, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Calhoun, Georgia.  It sole member, Mohawk Industries Inc., is a Delaware corporation with its principal place of business in Calhoun Georgia so that, for diversity purposes, Mohawk Carpet, LLC is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

48.    Defendant Mohawk Group, Inc. is incorporated in the State of Delaware and has its principal place of business in New York, so that for diversity purposes it is a citizen of the States of Delaware and New York.  28 U.S.C. § 1332(c)(1).  Defendant Mohawk Group, Inc. has nothing to do with the carpet manufacturing industry, has never sold or manufactured carpets, and instead, is a software company.  Mohawk Group, Inc. was mistakenly named in this lawsuit and the Plaintiff stipulated to Mohawk Group, Inc.'s dismissal from the Complaint. See Plaintiffs' stipulation of dismissal of Mohawk Group, Inc., attached hereto at Exhibit D.

49.    Defendant Mohawk Industries, Inc. is incorporated in the State of Delaware and has its principal place of business in Calhoun, Georgia, so that for

diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

50.    Defendant NPC South, Inc. is incorporated in the State of Rhode Island and has its principal place of business in West Warwick, Rhode Island, so that for diversity purposes it is a citizen of the State of Rhode Island.  28 U.S.C. § 1332(c)(1).

51.    Defendant Oriental Weavers USA, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

52.    Defendant S & S Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).  Defendant S & S Mills, Inc. states that its consent to removal should not be construed as an appearance by S&S Mills, Inc. in this tribunal, and S&S Mills reserves any personal jurisdictional defense provided by the Uniform Enforcements of Foreign Judgments Act (UEFJL).

53.    Defendant Savannah Mills Group, LLC is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its sole member, B.J. Bandy, III is a citizen of, and

resides in the State of Georgia, so that for diversity purposes, Savannah Mills Group, LLC is a citizen of Georgia.  28 U.S.C. § 1332(c)(1).

54.    Defendant Tandus Centiva, Inc. is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

55.    Defendant Tandus Centiva US, LLC is a limited liability corporation incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia.  Its sole member is Tandus Centiva, Inc. which is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia, so that for diversity purposes, Tandus Centiva US, LLC is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

56.    Defendant Textile Rubber and Chemical Company, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(1).

57.    Defendant The Dixie Group, Inc. is incorporated in the State of Tennessee and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the States of Tennessee and Georgia.  28 U.S.C. § 1332(c)(1).

58.     Defendant Victor Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

59.     Except for Mohawk Group, Inc. who was dismissed from this action and whose consent is not required for removal, each of the above listed Defendants has consented to this removal.  <u>See</u> Consents to Join in Removal, attached hereto as Exhibit A.

60.     The citizenship of "Fictitious Defendants A-J" is irrelevant to a determination of citizenship for purposes of removal.  <u>See</u> 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**C.     Industrial Chemicals, Inc. Was Fraudulently Joined and Misjoined.**

61.     The remaining Defendant, Industrial Chemicals, Inc., is the only non-diverse Defendant named by the Plaintiff in this action.  Industrial Chemicals, Inc. was incorporated in Alabama and its principal place of business is in Alabama. Industrial Chemicals, Inc. has not yet been served in this action.

62.     Industrial Chemicals, Inc. is a supplier of chemicals, not a manufacturer.  <u>See</u> www.industrialchem.com.    Industrial Chemicals, Inc. has never manufactured, sold or distributed PFCs or products that contain PFCs to the

carpet manufacturing industry including any of the Defendants.   See e.g., Declaration of Bryan Morton of Shaw Industries, Inc., attached hereto at Exhibit E.; and Declaration of Chip Welch, President and Chief Executive Officer of Industrial Chemicals, Inc., attached hereto along with Industrial Chemicals, Inc.'s consent to removal at Exhibit F.   Furthermore, there appears to be no other connection between Industrial Chemicals, Inc. and the claims in this case.

63.    There is no reasonable basis, and no reasonable basis is alleged in the Complaint, from which it may be inferred that Industrial Chemicals, Inc. did anything from which liability on its part could flow to Plaintiff for the discharge of PFOS and PFOA in to the water source at issue.

64.    Clearly, the only reason for the Plaintiff's joinder of Industrial Chemicals, Inc. in this action is that it is a resident of the State of Alabama, and its inclusion would allegedly defeat diversity jurisdiction.

65.    In the Eleventh Circuit, where a defendant is fraudulently joined, that defendant cannot be used to defeat removal of an action.   Joinder is fraudulent if either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.   Moreover, in the Eleventh Circuit, where the plaintiff joins co-parties and a factual nexus among the claims asserted against those parties is not sufficient to satisfy the joinder requirements of Rule 20

of the Federal Rules of Civil Procedure, the joinder of that defendant cannot defeat removal of an action.  See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996) abrogated in part and on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000);  Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); accord Pacheo de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).  Here, Industrial Chemicals, Inc. is fraudulently joined because there is no possibility that Plaintiff can establish a cause of action against it with respect to the allegations of discharging PFOA and PFOS into waterways during the carpet and textile manufacturing process.   Moreover, Industrial Chemicals, Inc. has been fraudulently misjoined to defeat diversity.

66.    Industrial Chemicals, Inc. is fraudulently joined because there is no possibility that the Plaintiff can establish a cause of action against it.  Cabalceta, 883 F.2d at 1561.  The Plaintiff asserts claims in the Complaint against Industrial Chemicals, Inc. related to the discharge of PFOS and PFOA into the water during a manufacturing or delivery process when Industrial Chemicals, Inc., is not a manufacturer, and does not manufacture, sell or distribute PFCs or products that contain PFCs to the carpet manufacturing industry.  There is no reasonable basis, and no reasonable basis is alleged in the Complaint, from which it may be inferred that Industrial Chemicals, Inc. personally did anything from which individual liability on its part could flow to Plaintiff for the discharge of PFOS, PFOAs, or

other PFCs, into the water source during the manufacturing process in Dalton, Georgia.  Industrial Chemicals, Inc. has no real connection to the controversy.  See Tapscott, 77 F.3d at 1360 (A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.") (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).

67.    Nowhere in the Complaint does Plaintiff make any specific allegations that Industrial Chemicals, Inc. discharged PFOA, PFOS or other PFCs into wastewater during the manufacturing process.  Instead, the Plaintiff alleges that certain Defendants, like Industrial Chemicals, Inc. are the "chemical suppliers to, manufacturing facilities in and around Dalton Georgia," who, in turn, discharged PFOA, PFOS and other PFCs into wastewater during the manufacturing process.  See Complaint at ¶ 49.  The Plaintiff attempts to implicate the Supplier Defendants with broad conclusory allegations about the Manufacturer and Supplier Defendants and the manufacturing process.  See Complaint at ¶¶ 49, 64, 66, 71, 76, and 82; see also Wiggins v. Am. Home Prods. Corp., No. CV-01-J-2303-NW, 2001 WL 34013629 at *3 n. 4 (N.D. Ala. Oct. 2, 2001) (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s] against [the in-state defendant] at all in any of the eight counts of the complaint"), aff'd, 37 Fed. Appx. 980 (11th Cir. 2002).  There is "no better admission of fraudulent joinder of

[the resident defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.  Lyons v. Am. Tobacco Co., No. Civ.A. 96-0881-BH-S, 1997 WL 809677 at *5 (S.D. Ala. Sept. 30, 1997).

68.   Moreover, the Eleventh Circuit has refused to allow plaintiffs to immunize a case from federal removal by *misjoining* parties.  See Tapscott, 77 F.3d at 1360.   In Tapscott, the Eleventh Circuit affirmed the district court's decision where, on a removal petition, the court disregarded the citizenship of improperly joined parties, even without a fraudulent joinder.  Id.  Where the factual nexus among alleged claims between the co-defendants does not satisfy the requirements of joinder set forth in Rule 20 of the Federal Rules of Civil Procedure, removal is still appropriate.   Id.; Fed. R. Civ. P. 20 (parties "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").  See also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (if joinder of non-diverse defendant is fraudulent, "an action may nevertheless be removable").

69.   In Tapscott, the Eleventh Circuit held in a putative class action that while the plaintiff might have had colorable claims against certain resident

defendants, those resident defendants had "no real connection with the controversy" involving other defendants.  77 F.3d at 1360.  The <u>Tapscott</u> court held that the plaintiff's attempt to join the non-diverse parties was "so egregious as to constitute fraudulent joinder."  <u>Id</u>.

70.    Here, the factual nexus among alleged claims against Industrial Chemicals, Inc. and the remainder of the Defendants does not satisfy the requirements of joinder set forth in Rule 20 of the Federal Rules of Civil Procedure.  No right to relief could be obtained jointly and severally among all the Defendants, no right to relief could arise out of the same transaction or occurrence, and no questions of law or fact would be common to all.  <u>See</u> Fed. R. Civ. P. 20.

71.    Accordingly, Industrial Chemicals, Inc. is fraudulently joined, and misjoined under Rule 20 of the Federal Rules of Civil Procedure.  On its face, the Complaint cannot state a claim against Industrial Chemicals, Inc. for torts stemming from the manufacturing or distributing of PFOA, PFOS, or other PFCs.

**III.    Shaw has Satisfied the Procedural Requirements for Removal.**

72.    This Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1441 and 1446(b).

73.    The United States District Court for the Northern District of Alabama, Middle Division embraces the county in which the state court action is now

pending. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 81(a), 1332, 1441, and 1446.

74.     As established above, Industrial Chemicals, Inc. is fraudulently joined or misjoined in this action, and, therefore, Shaw need not obtain its consent to remove this action.

75.     The citizenship of "Fictitious Defendants A-J" is irrelevant for purposes of determining diversity jurisdiction at removal. 28 U.S.C. § 1441(b)(1)

76.     The remaining Defendants consent to this removal.

77.     There is complete diversity in this action.

78.     Pursuant to 28 U.S.C. § 1446(d), Shaw is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Cherokee County, Alabama, Civil Action No.: 13-CV-900049.00, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 19th day of June, 2017.

/s/ Alfred F. Smith, Jr.
Alfred F. ("Buddy") Smith, Jr.
Alabama Bar No.: ASB 8536 s70a
Sela S. Blanton
Alabama Bar No.: ASB 8397 e66s
BAINBRIDGE,   MIMS,   ROGERS   &
SMITH, LLP
The Luckie Building
Suite 415
600 Luckie Drive
Birmingham, Alabama 35223
Telephone: (205) 879-1100
Facsimile: (205) 879-4300
E-mail: asmith@bainbridgemims.com
        sblanton@bainbridgemims.com

*Counsel for Defendants Shaw Industries, Inc.*

William V. Custer
Georgia Bar No. 202910
bill.custer@bryancave.com
Jennifer B. Dempsey
Georgia Bar No. 217536
jennifer.dempsey@bryancave.com
Julia F. Ost
Georgia Bar No. 154203
julia.ost@bryancave.com

BRYAN CAVE LLP
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia 30309
Telephone:  (404) 572-6600
Facsimile:   (404) 572-6999

*Counsel for Defendant Shaw Industries, Inc.*

*Pro hac pending*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 19th day of June, 2017, a copy of the foregoing

**NOTICE OF REMOVAL** is being deposited for delivery by Federal Express,

First Class Mail and by Electronic Mail to the following parties listed below:

| Service to the following parties by Federal Express: | Service to the following party by U.S. First Class Mail: |
|---|---|
| Jere L. Beasley, Esq.<br>Rhon E. Jones, Esq.<br>Richard D. Stratton, Esq.<br>Grant M. Cofer, Esq.<br>Beasley, Allen, Crow, Methvin, Portis<br>   & Miles, P.C.<br>218 Commerce Street<br>Montgomery, AL 36104<br>***Attorneys for Plaintiff***<br><br>Roger H. Bedford, Esq.<br>Roger Bedford & Associates, P.C.<br>303 North Jackson Street<br>Russellville, AL 35653<br>***Attorney for Plaintiff*** | Apricot International<br>P.O. Box 1544<br>Dalton, GA 30721-1544 |

6688162.1

| | |
|---|---|
| **Service to the following parties via electronic mail:**<br><br>Harlan I. Prater, IV<br>William S. Cox<br>Lightfoot, Franklin & White, LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, AL 35203-3200<br>Email: hprater@lightfootlaw.com<br>wcox@lightfootlaw.com<br><br>William A. Brewer, III<br>Mike Smith<br>Brad Ehrlichman<br>Brewer Attorneys & Counselors<br>1717 Main Street<br>Suite #5900<br>Dallas, TX 75201<br>Email: wab@brewerattorneys.com<br>mls@brewerattorneys.com<br>bse@brewerattorneys.com<br>**Attorneys for Defendant 3M Company** | Douglas Grant Scribner<br>Jonathan E. Wells<br>David B. Carpenter<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 4900<br>Atlanta, GA 30309-3424<br>Email: doug.scribner@alston.com<br>jonathan.wells@alston.com<br>david.carpenter@alston.com<br>**Attorneys for Defendants Aladdin Manufacturing Corporation, Mohawk Carpet, LLC and Mohawk Industries, Inc.** |
| Daniel T. Doyle<br>Daniel T. Doyle, PC<br>61 Main Street, Suite 9<br>Blackstone, MA 01504<br>Email: ddoylepc@comcast.net<br><br>**Attorney for Defendant Apricot International. Inc.** | C. Paul Cavender<br>D. Matthew Centeno<br>Burr & Forman LLP<br>Suite 3400<br>420 North 20th Street<br>Birmingham, AL 35203<br>Email: pcavender@burr.com<br>mcenteno@burr.com<br>**Attorneys for Defendant Arrowstar, LLC** |

| | |
|---|---|
| Ken Sansom<br>Michael Morris<br>Spotswood Sansom & Sansbury LLC<br>One Federal Place<br>1819 Fifth Avenue North<br>Suite 1050<br>Birmingham, AL 35203<br>Email: ksansom@spotswoodllc.com<br>          mmorris@spotswoodllc.com<br>**Attorneys for Defendants Beaulieu Group, LLC and Beaulieu of America, Inc.** | Carrie M. Motes<br>Lloyd, Gray, Whitehead & Monroe, P.C.<br>880 Montclair Road<br>Suite 100<br>Birmingham, AL 35213<br>Email: cmotes@lgwmlaw.com<br>**Attorney for Defendant Daltonian Flooring, Inc.** |
| Steven F. Casey<br>Jones Walker LLP<br>1819 5th Avenue North<br>Suite 1100<br>Birmingham, AL 35203<br>Email: scasey@joneswalker.com<br>**Attorney for Defendants Dependable Rug Mills, Inc. and Lyle Industries, Inc.** | Cody D. Robinson<br>Brunson, Robinson & Huffstutler<br>Historic Meeks Building<br>301 Broad Street<br>Gadsden, AL 35901<br>Email: crobinson@brunsonlawfirm.com<br><br>M. Jerome Elmore<br>Michael B. Terry<br>Michael R. Baumrind<br>Jane D. Vincent<br>Bondurant Mixson & Elmore LLP<br>One Atlantic Center<br>1201 West Peachtree Street, NW<br> Suite 3900<br>Atlanta, GA 30309<br>Email: elmore@bmelaw.com<br>          terry@bmelaw.com<br>          baumrind@bmelaw.com<br>          vincent@bmelaw.com<br>**Attorneys for Defendant Dorsett Industries, Inc.** |

| | |
|---|---|
| Steve Weber<br>Parker Poe<br>Three Wells Fargo Center<br>401 South Tryon Street<br>Suite 3000<br>Charlotte, NC 28202<br>Email: steveweber@parkerpoe.com<br><br>H. Thomas Wells, Jr.<br>Chris J. Williams, Jr.,<br>Maynard Cooper Gale<br>1901 Sixth Avenue N.<br>Suite 2400<br>Birmingham, AL 35203<br>Email: twells@maynardcooper.com<br>     cwilliams@maynardcooper.com<br>**Attorneys for Defendant DyStar L.P.** | David J. Marmins<br>Morgan E.M. Morrison<br>Arnall Golden Gregory LLP<br>171 17th Street NW<br>Suite 2100<br>Atlanta, GA 30363<br>Email: david.marmins@agg.com<br>     morgan.morrison@agg.com<br><br>J. Eric Brisendine<br>E. Allen Dodd, Jr.<br>Scruggs, Dodd & Brisendine Attorneys, P.A.<br>207 Alabama Avenue, SW<br>Fort Payne, AL 35968<br>Email: jebscruggs@farmerstel.com<br>     eadscruggs@farmerstel.com<br>**Attorneys for Defendants ECMH, LLC and Emerald Carpets, Inc.** |
| John M. Johnson<br>Clinton T.  Speegle<br>Lightfoot, Franklin & White, LLC<br>400 20th Street North<br>Birmingham, AL 35203<br>Email: jjohnson@lightfootlaw.com<br>     cspeegle@lightfootlaw.com<br>**Attorneys for Defendant E.I. Du Pont De Nemours and Company** | Bennie M. Laughter<br>Bennie M. Laughter, LLC<br>115 West King Street<br>P.O. Box 1005<br>Dalton, GA 30722-1005<br>Email: laughterlaw@optilink.us<br>**Attorney for Defendants Engineered Floors, LLC and Savannah Mills Group, LLC** |
| Gregory A. Brockwell<br>Brockwell Smith LLC<br>420 20th Street North, Suite 2000<br>Birmingham, AL 35203<br>Email: greg@brockwellsmith.com<br>**Attorney for Defendants Fortune Contract, Inc. and NPC South, Inc.** | J. Alan Truitt<br>D. Bart Turner<br>Kazmarek Mowrey Laseter LLP<br>3008 7th Avenue South<br>Birmingham, AL 35233<br>Email: atruitt@kmcllaw.com<br>     bturner@kmcllaw.com<br>**Attorneys for Defendant Harcros Chemicals Inc.** |

| | |
|---|---|
| John W. Dodson<br>Michelle L. Crunk<br>Dodson Law Group LLP<br>P.O. Box 530725<br>Birmingham, AL 35253-0725<br>Email: jwd@dodsongregory.com<br>        mlc@dodsongregory.com<br>**Attorneys for Defendant Indian Summer Carpet Mills, Inc.** | E. Britton Monroe<br>Bryan A. Grayson<br>Lloyd, Gray, Whitehead & Monroe, P.C.<br>880 Montclair Road, Suite 100<br>Birmingham, AL 35213<br>Email: bmonroe@lgwmlaw.com<br>        bgrayson@lgwmlaw.com<br>**Attorneys for Defendant Industrial Chemicals, Inc.** |
| W. Randall Wilson<br>Michael Dumitru<br>Miller & Martin PLLC<br>Volunteer Building<br>Suite 1200<br>832 Georgia Avenue<br>Chattanooga, TN 37402<br>Email: randy.wilson@millermartin.com<br>michael.dumitru@millermartin.com<br>**Attorneys for Defendant J & J Industries, Inc.** | Nick Gorga<br>Honigman Miller Schwartz and Cohn LLP<br>Attorneys and Counselors<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226-3506<br>Email: ngorga@honigman.com<br>**Attorney for Defendant Kraus USA, Inc.** |
| Anthony M. Upshaw<br>Asra A. Chatham<br>McDermott Will & Emery LLP<br>333 SE 2nd Avenue<br>Suite 4500<br>Miami, FL 33131-4336<br>Email: aupshaw@mwe.com<br>        achatham@mwe.com<br><br>John W. Gray, II<br>Gray Jenkins<br>2119 3rd Avenue North<br>Birmingham, AL 35203<br>Email: john@grayjenkins.com<br>**Attorneys for Defendant Lexmark Carpet Mills, Inc.** | Richard E. Broughton<br>Ball, Ball, Matthews & Novak, P.A.<br>445 Dexter Avenue<br>Suite 9045<br>P.O. Box 2148<br>Montgomery, AL 36109-5413<br>Email: rbroughton@ball-ball.com<br>**Attorney for Defendant MFG Chemical, Inc.** |

6688162.1

| | |
|---|---|
| Meaghan G. Boyd<br>A. Nicole DeMoss<br>Alston & Bird<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 4900<br>Atlanta, GA 30309<br>Email: meaghan.boyd@alston.com<br>        nicole.demoss@alston.com<br>**Attorneys for Defendant Milliken &**<br>**Company** | David C. Higney<br>Grant Konvalinka & Harrison, PC<br>633 Chestnut Street<br>Suite 900, Republic Centre<br>Chattanooga, TN 37450-0900<br>Email: dhigney@gkhpc.com<br><br>John G. Dana<br>Gordon, Dana & Gilmore, LLC<br>600 University Park Place<br>Suite 100<br>Birmingham, AL 35209<br>Email: jdana@gattorney.com<br>**Attorneys for Defendant Oriental**<br>**Weavers, USA, Inc.** |
| Robert G. McCurry<br>The McCurry Law Firm, LLC<br>122 W. King Street<br>Dalton, GA 30720<br>Email: rmccurry@mccurry.com<br>**Attorney for Defendant S & S Mills,**<br>**Inc.** | Michael J. Sullivan<br>Womble Carlyle<br>Atlantic Station<br>271 17th Street, NW<br>Suite 2400<br>Atlanta, GA 30363-1017<br>Email: msullivan@wcsr.com<br><br>John W. Scott<br>Scott Dukes & Geisler, P.C.<br>211 Twenty-Second Street North<br>Birmingham, AL 35203<br>Email: jscott@scottdukeslaw.com<br>**Attorneys for Defendants Tandus**<br>**Centiva, Inc. and Tandus Centiva US,**<br>**LLC** |

| | |
|---|---|
| Stephen E. O'Day<br>Andrew M. Thompson<br>Smith, Gambrell & Russell, LLP<br>Promenade, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, GA 30309-3592<br>Email: soday@sgrlaw.com<br>    athompson@sgrlaw.com<br>**Attorneys for Defendant Textile**<br>**Rubber and Chemical, Inc.** | W. Scott Parrish<br>M. Ellis Lord<br>David M. Barnes<br>Miller & Martin PLLC<br>Volunteer Building<br>Suite 1200<br>832 Georgia Avenue<br>Chattanooga, TN 37402<br>Email: scott.parrish@millermartin.com<br>    ellis.lord@millermartin.com<br>    david.barnes@millermartin.com<br><br>John M. Bergquist<br>Parsons, Lee & Juliano, P.C.<br>P.O. Box 661228<br>Birmingham, AL 35266<br>Email: jbergquist@pljpc.com<br>**Attorneys for Defendant The Dixie**<br>**Group, Inc.** |
| Charles A. Hardin<br>Hardin & Hughes, LLP<br>2121 14th Street<br>Tuscaloosa, AL 35401<br>Email: chardin@hardinhughes.com<br>**Attorney for Defendant Victor Carpet**<br>**Mills, Inc.** | |

/s/ Alfred F. Smith, Jr.
Alfred F. ("Buddy") Smith, Jr.
Alabama Bar No.: ASB 8536 s70a
Sela S. Blanton
Alabama Bar No.: ASB 8397 e66s
Bainbridge, Mims, Rogers, and Smith, LLP
The Luckie Building
Suite 415
600 Luckie Drive
Birmingham, Alabama 35223

6688162.1

*Attorneys for Defendants Shaw Industries, Inc.*

William V. Custer
Georgia Bar No. 202910
bill.custer@bryancave.com
Jennifer B. Dempsey
Georgia Bar No. 217536
jennifer.dempsey@bryancave.com
Julia F. Ost
Georgia Bar No. 154203
julia.ost@bryancave.com

BRYAN CAVE LLP
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia 30309
Telephone:   (404) 572-6600
Facsimile:    (404) 572-6999

*Attorneys for Defendant Shaw Industries, Inc.*

*Pro hac pending*

6688162.1